THIS OPINION IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

EJW

**Mailed: June 25, 2014**

**Opposition No. 91201727**

**FUJIFILM SonoSite, Inc.**

v.

**Sonoscape Co., Ltd.**

**ELIZABETH J. WINTER, INTERLOCUTORY ATTORNEY:**

Sonoscape Co., Ltd. (hereafter "applicant") seeks registration of the mark

SONOSCAPE in standard characters for the following goods:

> "Acoustic diagnostic apparatus for medical purposes, namely, ultrasonic medical imaging apparatus, diagnostic veterinary imaging apparatus, and parts therefor; Ultrasonic therapy apparatus and machine; Ultrasonic transducers for medical diagnostics and treatment; Electronic medical apparatus for blood analysis; Medical monitors, namely, patient monitors for monitoring patient physiological data, namely, for monitoring blood properties and respiratory events; Medical radiology diagnostic apparatus and accessories, namely, X-ray, CT scanners, MRI, and nuclear imaging diagnostic apparatus; Dental apparatus, namely, intra-oral light systems, prophy angles, dental picks, dental mirrors, and oral irrigators."[1]

FUJIFILM SonoSite, Inc. (hereafter "opposer") opposes registration of the

applied-for mark on the ground of likelihood of confusion and alleges, *inter alia*,

ownership of ten trademark registrations of marks commencing with the

---

[1] Application Serial No. 85073448, filed June 29, 2010, seeking registration under Section 1(a) of the Trademark Act, and claiming first use anywhere as of January 1, 2004, and first use in commerce as of May 7, 2005.

element "SONO," including U.S. Reg. No. 2414562 for the mark SONOSITE in typed drawing format for "medical diagnostic apparatus; namely, medical ultrasound device; medical diagnostic ultrasound apparatus."[2]

This case now comes up for consideration of applicant's fully briefed motion filed the day prior to the opening of applicant's testimony period, to strike portions of opposer's notice of reliance served on the closing date of opposer's testimony period, and to reset applicant's testimony period.[3] Specifically, applicant requests that the Board strike Exhibits E, F, and G of opposer's notice of reliance on the following grounds.

### *Exhibit E: Unpleaded Registration*

Exhibit E consists of a copy of opposer's recently issued registration certificate for U.S. Reg. No. 4049786, as well as copies of TSDR, TESS, and assignment branch printouts showing current status and title data regarding this registration. Applicant argues that the exhibit should be struck because the application underlying said recently issued registration was not pleaded. Consequently, applicant contends it did not have proper notice that opposer would be relying upon ownership of the potential registration.

---

[2] U.S. Reg. No. 2414562 issued on December 19, 2000; Section 8 affidavit accepted and Section 15 affidavit accepted. Prior to November 2, 2003, 'standard character' drawings were known as 'typed' drawings. A typed mark is the legal equivalent of a standard character mark. Trademark Manual of Examining Procedure ("TMEP") § 807.03(i) (April 2014). *See In re Hitachi High-Technologies Corp.*, 109 USPQ2d 1769, 1771 n.2 (TTAB 2014).

[3] Because this proceeding was suspended pending the Board's consideration of this motion, and because the motion was filed prior to the opening of applicant's testimony period, the entire period will be reset.

In its response, opposer argues that it complied with the procedure set forth in TBMP § 704.03(b)(1)(A) (2014) for properly introducing its registration by submitting copies of USPTO records. However, the insufficiency of which applicant complains is that opposer did not plead ownership of the application that matured into the registration at issue, not that opposer did not comply with any of the available procedures for introducing pleaded registrations.

- ***Board's Decision regarding Exhibit E***

Applicant's argument is well-taken to the extent that a plaintiff cannot use an unpleaded registration as a basis for the opposition (such as for purposes of removing priority as an issue in the case, or for proving standing). *See UMG Recordings Inc. v. O'Rourke,* 92 USPQ2d 1042, 1045 n.12 (TTAB 2009); *Herbaceuticals Inc. v. Xel Herbaceuticals Inc.*, 86 USPQ2d 1572, 1576 n.4 (TTAB 2008); and *Standard Knitting Ltd. v. Toyota Jidosha Kabushiki Kaisha*, 77 USPQ2d 1917, 1920 (TTAB 2006). *Compare* Trademark Rule 2.122(d)(1) (when a pleaded registration will be received in evidence) *with* Trademark Rule 2.122(d)(2) (when an unpleaded registration owned by either party is made of record). While an unpleaded registration cannot be used as a basis for the opposition, it, like third-party registrations, may be considered for "whatever probative value" it may lend to opposer's showing under the *du Pont* factors in its case in chief. *Safer, Inc. v. OMS Investments, Inc.*, 94 USPQ2d 1031, 1035 (TTAB 2010) ("*Safer*"). *See also* TBMP § 704.03(b)(1)(A) (2014) (distinguishing between a federal registration owned by the plaintiff in an opposition or

cancellation proceeding and one pleaded by the plaintiff in its complaint). In view thereof, and because the determination whether a registration has probative value is made at final hearing, the Board will not strike Exhibit E at this time. *See M-Tek Inc. v. CVP Systems Inc.,* 17 USPQ2d 1070, 1073 (TTAB 1990) (since a ruling on the admissibility of exhibits under the Federal Rules of Evidence is deferred until trial, ruling on the question of whether documents are admissible in the first instance also is deferred until final hearing). Accordingly, applicant's motion to strike Exhibit E is **deferred**.

### ***Exhibits F and G: Internet Printouts relevant to Three du Pont Factors***

Applicant contends that opposer has failed to adequately designate the relevancy of Exhibits F and G. Specifically, applicant contends that, because opposer states that the exhibits are relevant with respect to three likelihood of confusion factors (the similarity of the parties' marks, the similarity and relatedness of the goods at issue, and the similarity of the parties' trade and marketing channels), under *Safer*, opposer must delineate which exhibit pages, by number, are relevant to each particular *du Pont* factor.

Opposer contends that *Safer* does not require that individual pages be designated with respect to the applicable *du Pont* factor(s), only that the general relevance of the exhibits themselves be identified. Further, because the exhibits in their entireties relate to the three *du Pont* factors, opposer essentially argues that there is no need to separately identify different portions of the exhibits as probative evidence on particular *du Pont* factors.

In reply, applicant argues that opposer's contention that all 673 pages (comprising both exhibits) apply to all three *du Pont* factors is the type of evidentiary abuse that the Board intended to avoid in *Safer*, and that opposer has failed to identify which of the documents or web pages support each factor in accordance with *Safer*. Applicant also contends that, insofar as opposer has failed to tie the exhibits to the respective *du Pont* factors in response to applicant's motion, it would be pointless for the Board to allow time for opposer to amend its notice of reliance; rather, applicant argues that opposer's exhibits F and G should be stricken from the record.

- ***Board's Decision regarding Exhibits F and G***

Pursuant to *Safer,* a document obtained from the Internet may be admitted into evidence pursuant to a notice of reliance in the same manner as a printed publication in general circulation, in accordance with Trademark Rule 2.122(e), so long as the date the Internet documents were accessed as well as their source (the Internet address or URL) is provided and the party filing the notice of reliance indicates the general relevance of the documents. *Alcatraz Media Inc. v. Chesapeake Marine Tours Inc.*, 107 USPQ2d 1750, 1759 (TTAB 2013), *aff'd* ___ Fed. App'x. ____ (Fed. Cir. 2014), *citing Safer, Inc. v. OMS Investments, Inc.*, 94 USPQ2d 1031, 1059 (TTAB 2010). *See also* TBMP § 704.08(b) (2014). To meet the requirement that the notice of reliance indicate the general relevance of material being offered, the offering party should associate the materials with a specific factor relevant to likelihood of confusion

or a specific fact relevant to determining a particular issue. *Safer*, 94 USPQ2d at 1039-40. If the offering party introduces the same document to support more than one element of a claim or defense, or more than one relevant fact, the propounding party should also indicate the specific element or fact supported by the various documents in a group of documents. *Id.* at 1040. "For example, if printed materials or Internet web pages introduced through a notice of reliance are submitted to show the similarity of the products, the similarity of the channels of trade, and the strength of the mark, ***the propounding party should identify which of the documents support each element or fact*** (e.g., plaintiff's exhibits 1-10 demonstrate the similarity of the products, plaintiff's exhibits 3-5 and 11-15 demonstrate the similarity of the channels of trade, and plaintiff's exhibits 7-8, 16 and 16-30 demonstrate the strength of plaintiff's mark)." *Id.* at 1040 (emphasis added). "Under [this] practice, [a party's] notice of reliance would not be acceptable [if the party] submitted the documents to prove three likelihood of confusion elements, but did not associate each document or group of documents with a specific likelihood of confusion factor." *Id.*

Here, opposer has submitted two exhibits, rather than the thirty-five exhibits discussed in *Safer*, specifically, Exhibit F consisting of 628 pages of printouts from opposer's own website, and Exhibit G comprising 45 pages of printouts from applicant's website. With respect to each exhibit, opposer states that the evidence is relevant to "the similarity of the parties' respective marks, the similarity and relatedness of the goods at issue, and the similarity of the

parties' trade and marketing channels" (11/12/2013 notice of rel., ¶¶ 4-5). That is, as explained by opposer in its response to the instant motion, the entirety of each exhibit is relevant to all three identified *du Pont* factors. Although opposer has submitted two exhibits rather than multiple exhibits, the exhibits number in excess of 670 pages and comprise over one hundred individual webpages. The Board will not expend its resources guessing which pages the propounding party is relying upon, particularly when an exhibit comprises such a large number of pages. Opposer should have indicated which web page or group of web pages within each exhibit support each specific *du Pont* factor. *Safer,* 94 USPQ2d at 1040.

Because opposer has not identified any particular web pages in Exhibits F and G as being relevant to any particular *du Pont* factor, opposer has failed to comply with *Safer*. Opposer's failure to delineate the relevant *du Pont* factor for specific web pages is particularly problematic with respect to Exhibit F because of the sheer volume of pages included therein, and it illustrates a problem the Board sought to avoid by articulating specific requirements in *Safer*. Although opposer will have an opportunity to explain its exhibits in its trial brief, applicant is entitled to know, prior to its testimony period, which web pages assertedly support which likelihood of confusion factor. *See* TBMP § 704.02 (2014) ("a notice of reliance … serves … to notify opposing parties that the offering party intends to rely on the materials submitted thereunder in support of its case").

Nonetheless, such a defect is one that can be cured by the offering party as soon as it is raised by any adverse party, without reopening the testimony period of the offering party. *Safer*, 94 USPQ2d at 1040. Therefore, inasmuch as this error in filing is correctable, opposer is allowed until **FIFTEEN (15) DAYS** from the mailing date of this order to submit to the Board a revised notice of reliance relating to the exhibits submitted on November 12, 2013, that indicates which web pages in Exhibits F and G relate to which *du Pont* factor. If opposer fails to comply, the exhibits will not be considered. ***Opposer should not resubmit its exhibits with the revised notice of reliance***; provided, however, that opposer is permitted to resubmit the following pages of Exhibit G, which are illegible: pages 000004, 000029, 000039, 000054-57, and 000059-60.[4] Accordingly, applicant's motion to strike is **<u>granted</u>**, with leave to cure.

---

[4] The Board will not decide at this juncture whether or not opposer's submission is needlessly cumulative. The Board does not review evidence substantively until trial. *See M-Tek Inc. v. CVP Systems Inc.*, 17 USPQ2d at 1073.

**Proceeding Resumed; Trial Dates Reset**

This proceeding is resumed. Trial dates, commencing with applicant's testimony period, are reset as shown in the following schedule:

| | |
|---|---|
| **Defendant's 30-day Trial Period Ends** | **8/24/2014** |
| **Plaintiff's Rebuttal Disclosures Due** | **9/8/2014** |
| **Plaintiff's 15-day Rebuttal Period Ends** | **10/8/2014** |

**IN EACH INSTANCE**, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party **WITHIN THIRTY DAYS** after completion of the taking of testimony. *See* Trademark Rule 2.125, 37 C.F.R. § 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b).

An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129, 37 C.F.R. § 2.129.

☼☼☼